UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHICAGO INSURANCE CO.

    Plaintiff,

v.                                                                                          Case No. 02-73801

ROBERT L. WIGGINS, WIGGINS &                   Honorable Patrick J. Duggan
ASSOC., and AMERICAN TITLE OF
MICHIGAN, INC.

    Defendants.

and

COMMONWEALTH LAND TITLE
INSURANCE CO.

    Intervening Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
CHICAGO INSURANCE COMPANY'S OBJECTIONS TO MAGISTRATE
JUDGE MORGAN'S JULY 1, 2005 ORDER GRANTING INTERVENING
DEFENDANT'S MOTION FOR
SANCTIONS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 12, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On July 1, 2005, Magistrate Judge Virginia Morgan issued an Order granting

1

Intervening Defendant Commonwealth Land Title Insurance Company's motion for sanctions against Plaintiff Chicago Insurance Company ("Chicago").  Currently before the Court are Chicago's timely filed objections to that Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  Intervening Defendant Commonwealth Land Title Insurance Company ("Commonwealth") filed a response to Chicago's objections.

On February 25, 2005, Commonwealth filed a motion to compel discovery from Chicago.  This Court assigned the motion to Magistrate Judge Morgan pursuant to 28 U.S.C. § 636(b)(1)(A).  After conducting a hearing on the motion on March 28, 2005, Magistrate Judge granted Commonwealth's motion and ordered Chicago to provide specific discovery in response to Commonwealth's requests.  Chicago did not file any objections to this order.

Commonwealth thereafter filed a motion for sanctions on May 25, 2005, claiming that Chicago had failed to produce the discovery previously ordered by Magistrate Judge Morgan.  At a hearing on the motion on June 22, 2005, Magistrate Judge Morgan concluded that Chicago failed to comply in good faith with discovery.  *See* Tr. 6/22/05  at 31-33.  To sanction Chicago for its conduct, Magistrate Judge Morgan extended the discovery period for 60 days for Commonwealth to take additional discovery and ordered Chicago to provide the following discovery within 21 days: (1) produce Claire Latarrocca and Angela Sivilli for deposition in the Detroit Metropolitan area; (2) produce "recision documents" for in camera review previously ordered to be produced through September 3, 2002, to include documents through September 23, 2002; (3) produce all

education/training materials referenced in deposition pursuant to a reasonable confidentiality order to be mutually agreed upon by counsel, regardless of whether the documents are held by Chicago, counsel, or a training company; and (4) produce complete audits of Chicago's Michigan agent, Proquest, for the period of 1996 through 2004, or alternatively provide a list of all Michigan lawyers and law firms insured by Chicago during the same period. *See* 7/1/05 Order.

Chicago objects to Magistrate Judge Morgan's Order, claiming foremost that the court erred in concluding that it had failed to comply with Commonwealth's discovery requests. Having reviewed Commonwealth's motion for sanctions, Chicago's response, and the transcript of the June 22 hearing, the Court concludes that Magistrate Judge Morgan did not clearly err in finding that Chicago failed to comply, in good faith, with discovery.

Chicago alternatively argues that the sanctions imposed by Magistrate Judge Morgan were improper. First, Chicago contends that it no longer employs Claire Latarrocca and thus it cannot be compelled to produce her for deposition in the Detroit area. Second, Chicago objects to Magistrate Judge Morgan's order that it produce Angela Sivilli for another deposition. Chicago claims Commonwealth already deposed Ms. Sivilli for seven hours and should not be able to re-depose her, particularly as she can provide no testimony relevant to Chicago's underwriting policies. Chicago next argues that it should not be compelled to produce educational/training materials that are maintained by law firms and/or training companies because those materials are outside its

3

care, custody, and control. Fourth, Chicago argues that it already produced complete audits of Proquest for the period 1996 through 2004, and that Magistrate Judge Morgan's order that it alternatively produce a list of all Michigan lawyers and law firms insured by Chicago for the same period is over-broad, burdensome, and not reasonably calculated to lead to discovery of admissible evidence.  Finally, Chicago argues that it should not be compelled to produce for in camera inspection all of its claim file documents up to and including the date the present lawsuit was filed, because such production will necessarily include work product and attorney-client communications regarding the present action. Chicago also asserts that the pre-suit communications in these files are not reasonably calculated to lead to the discovery of admissible evidence.

      The Court concludes that Magistrate Judge Morgan's order requiring Chicago to produce its claims and underwriting files with respect to Wiggins, Wiggins & Associates and/or American Title up to September 23, 2002, was neither clearly erroneous nor contrary to law.  Information in these files may be relevant to determine when Chicago decided to seek rescission of the relevant insurance policies and its actual reason for that decision.  Magistrate Judge Morgan specifically directed that the files be produced for in camera inspection in order to avoid any violation of the attorney-client and/or work-product privileges.

      The Court also concludes that Magistrate Judge Morgan's order requiring Chicago to provide educational/training materials, even if those materials are held by counsel or training companies, was neither clearly erroneous nor contrary to law.  Rule 34(a) of the

Federal Rules of Civil Procedures states that "[a]ny party may serve on any other party a request (1) to produce . . . any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." FED. R. CIV. P. 34(a). As the Sixth Circuit has stated, "federal courts have consistently held that documents are deemed to be within a party's 'possession, custody, or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)(emphasis in original)(citations omitted). As courts subsequently have interpreted this statement, a party need not have a legal entitlement to the documents at issue; "'rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000)(quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)). As the Court believes Chicago has the right, authority, or at the very least the practical ability to demand materials that its agents used to train its employees, the Court finds that Magistrate Judge Morgan did not err in ordering Chicago to produce those materials.

Similarly, the Court concludes that Magistrate Judge Morgan's order with respect to documents related to Proquest was neither clearly erroneous nor contrary to law. Magistrate Judge Morgan disagreed with Chicago's assertion that it has fully complied with Commonwealth's request for audits of Proquest, finding that the documents

5

produced were "severely and inappropriately redacted" by Chicago.  *See* 6/22/05 Tr. at 32.  As this information is relevant to the issue of whether Chicago would have denied coverage to Wiggins if he had answered the questions on his application differently, the Court upholds Magistrate Judge Morgan's order requiring Chicago to disclose this information.  With respect to Magistrate Judge Morgan's alternative order that Chicago produce a list of all Michigan lawyers and law firms insured by Chicago during that period, the court does not find that order overly broad or burdensome.

The Court also concludes that Magistrate Judge Morgan did not clearly err in ordering Chicago to produce Ms. Sivilli for another deposition.  Rule 30(d)(2) provides that a deposition is limited to one day of seven hours "[u]nless otherwise authorized by the court . . ."  FED. R. CIV. P.  30(d)(2).  The rule further provides that "[t]he court *must* allow additional time . . . if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."  *Id*.  As Commonwealth argued in its motion to compel and for sanctions, Chicago and Ms. Sivilli claimed the rescission information concerning Wiggins was discovered by Ms. Sivilli on September 3, 2002.  When Chicago filed its motion for summary judgment, however, it suddenly claimed that Claire Latarrocca discovered the information one day later.  As Magistrate Judge Morgan properly concluded, Chicago's conduct impeded Commonwealth's ability to thoroughly question Ms. Sivilli and Commonwealth should have the opportunity to question Ms. Sivilli regarding the discrepancy between her testimony and the evidence presented in support of Chicago's motion for summary

judgment.

As to Ms. Latarrocca, the Court concludes that Magistrate Judge Morgan did not err in allowing Commonwealth to depose her. However Magistrate Judge Morgan erred in ordering Chicago to produce Ms. Latarrocca for deposition in the Detroit area, if she in fact is not a Chicago employee at this time. The Court therefore will modify Magistrate Judge Morgan's order to allow Commonwealth to depose Ms. Latarrocca in the location where she currently resides, is employed, and/or transacts business.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Rule 72 Objections to Magistrate Judge Morgan's July 1, 2005 Order Granting Defendant's Motion for Sanctions are **GRANTED IN PART AND DENIED IN PART**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Karl V. Fink, Esq.
Jeffrey A. Goldwater, Esq.
Michael A. Schwartz, Esq.
David M. Blau, Esq.
John E. Curley, Esq.